**IN THE COURT OF APPEALS OF IOWA**

No. 14-0259
Filed October 1, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TENEKA HAYES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Douglas C. McDonald, Judge.


        Teneka Hayes appeals from her conviction for driving while barred as a habitual offender. **AFFIRMED.**


        Jack E. Dusthimer, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Michael J. Walton, County Attorney, and Joseph A. Grubisich, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Teneka Hayes appeals from her conviction for driving while barred as a habitual offender, asserting trial counsel was ineffective for failing to contest the voluntariness of her plea. We conclude Hayes's plea was entered into voluntarily and intelligently and the conviction and sentence entered by the district court was proper. Consequently, counsel was not ineffective for failing to raise this argument, and we affirm Hayes's conviction.

On May 19, 2013, police stopped Hayes after she was seen driving erratically at high rates of speed. The police quickly noticed several signs indicating she was intoxicated. A records check revealed that her license had been revoked. Consequently, Hayes was charged with operating while intoxicated (OWI), in violation of Iowa Code sections 321J.2(1) and 321J.2(2)(a) (2013), and driving while barred as a habitual offender, in violation of Iowa Code sections 321.561 and 321.555(1). Hayes entered a written plea of guilty as to both counts on July 30, 2013. At the same time, Hayes submitted a written waiver of her presence for the plea and sentencing on both charges, as well as a written application to waive her right to file a motion in arrest of judgment and to proceed to sentencing regarding the OWI charge.[1] Her plea on the OWI charge was then accepted and sentence was imposed. On February 19, 2014, the

---

[1] Hayes's Consent to Waive Presence stated:
  I consent and agree that my attorney can appear for me and enter a plea of guilty to the offense(s) of driving while barred, OWI 1st, in violation of Section(s) 321J.2(2)(a), in the Code of Iowa. In doing so, I acknowledge that I have read the Minutes of Testimony, they are substantially correct and I admit that there is a factual basis for the charge(s) against me. I further agree that the court may impose sentence without my being present.

district court entered judgment and sentence on her guilty plea of driving while barred. Hayes appeals only from the driving-while-barred conviction.

A defendant may raise an ineffective-assistance claim on direct appeal as long as the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). These claims are reviewed de novo. *Id.* To succeed on an ineffective-assistance argument, the defendant must show, first, that counsel breached an essential duty, and, second, that she was prejudiced by counsel's failure. *Id.*

Hayes asserts trial counsel was ineffective because "[t]here is nothing in the record indicating the district court exercised its discretion in waiver of the plea colloquy, or discharged its duty in ensuring Hayes's plea was made 'voluntarily and intelligently and has a factual basis,' or accepted Hayes's plea."

The plea in this case reads: "I drove a car while my license was barred as an habitual offender and while I was under the influence of an alcoholic beverage." In its judgment and sentence, the district court stated: "[T]he COURT FINDS the plea was made voluntarily, intelligently, and finds a factual basis for the plea has been established by the following: Statements of the Defendant in the Plea of Guilty; The Minutes of Testimony, which the Defendant has accepted as true."

The district court explicitly found in the Judgment and Sentence that Hayes entered the plea knowingly and voluntarily, as well as found a factual basis within the record. The written plea form, the waiver of presence, and the court's findings all comply with Iowa Rule of Criminal Procedure 2.8(2)(b). Consequently, any objection or motion in arrest of judgment filed on this basis

would not have been granted, and trial counsel was not ineffective for failing to present this argument. *See State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (holding counsel cannot be deemed ineffective for failing to assert a meritless objection). Therefore, we affirm Hayes's conviction.

**AFFIRMED.**